## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRUSTEES OF THE NATIONAL ELEVATOR          :
INDUSTRY PENSION, HEALTH BENEFIT,          :
EDUCATIONAL, ELEVATOR INDUSTRY             :
WORK PRESERVATION FUNDS, ELEVATOR          :
CONSTRUCTORS ANNUITY AND                   :
401(K) RETIREMENT PLAN                     :
19 Campus Boulevard, Suite 200             :
Newtown Square, PA 19073-3228,             :
                      Plaintiffs,          :
                                         :
                   v.          :          CIVIL ACTION NO.
GMS ELEVATOR SERVICES, INC.                :
401 Borrego Court                          :
San Dimas, CA 91773                        :
and                                        :
PAMELA SIMPKINS                            :
306 Catherine Park Drive                   :
Glendora, CA 91741-3144,                   :
and                                        :
GORDON M. SIMPKINS                         :
306 Catherine Park Drive                   :
Glendora, CA 91741-3144,                   :
                       Defendants.          :

## COMPLAINT
### Jurisdiction

1.     This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104,1109, 1132 and 1145, and under Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a).  This is an action to enforce an employer's contractual obligation to submit benefit payments pursuant to a Collective Bargaining Agreement, a breach of fiduciary duty, to collect reported and unpaid contributions, to collect contributions and interest found due in a payroll audit, to collect unremitted employee elective deferrals and interest, to collect the outstanding contributions from the owners individually, and to enjoin the violations of the terms of the employee benefit plans.

**<u>Parties</u>**

2.      The Plaintiffs are the Boards of Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan Funds ("NEI Trust Funds").  The NEI Trust Funds are multi-employer employee benefit plans as that term is defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and (37).  The NEI Trust Funds are established and maintained according to the provisions of Agreements and Declarations of Trust and are provided for in the Collective Bargaining Agreement between the International Union of Elevator Constructors and the Defendants.  The NEI Trust Funds are administered by the Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

3.      Upon information and belief, Defendant, GMS Elevator Services, Inc. ("GMS Elevator Services, Inc."), is a corporation existing under the laws of the California with offices located at 401 Borrego Court, San Dimas, CA 91773.  Upon information and belief, Defendant transacts business in California as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§142(1), (3) and 152(2).

4.      Upon information and belief, Defendant, Pamela Simpkins ("Simpkins"), is the corporate secretary and owner of GMS Elevator Services, Inc. and resides at 306 Catherine Park Drive, Glendora, CA 91741.  Upon information and belief, Pamela Simpkins exercises control

and discretion over the payroll of GMS Elevator Services, Inc. including any and all decisions regarding the collection and disbursement of any payroll deductions authorized by the employees of GMS Elevator Services, Inc.  As such, Pamela Simpkins is a fiduciary to the NEI Trust Funds, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

5.      Upon information and belief, Defendant, Gordon Simpkins ("Gordon Simpkins"), is the president and owner of GMS Elevator Services, Inc. and resides at 306 Catherine Park Drive, Glendora, CA 91741.  Upon information and belief, Gordon Simpkins exercises control and discretion over the payroll of GMS Elevator Services, Inc. including any and all decisions regarding the collection and disbursement of any payroll deductions authorized by the employees of GMS Elevator Services, Inc.  As such, Gordon Simpkins is a fiduciary to the NEI Trust Funds, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

## COUNT I

6.      GMS Elevator Services, Inc., by Pamela Simpkins, entered into Collective Bargaining Agreement with the International Union of Elevator Constructors on July 29, 2014 establishing the terms and conditions of employment for the elevator constructors, mechanics and helpers employed by GMS Elevator Services, Inc.  The 2014 Collective Bargaining Agreement continued in force and effect after July 8, 2017 as the result of a successor agreement being executed.  In addition, GMS Elevator Services continued to report and pay contributions after July 8, 2017 as if it were still bound by the terms of the Collective Bargaining Agreement.

7.      Pursuant to its Collective Bargaining Agreement, GMS Elevator Services, Inc. agreed to pay to the NEI Funds certain sums of money for each hour worked by all employees of

Defendant covered by the Collective Bargaining Agreement.

8.      Upon information and belief, GMS Elevator Services, Inc. employed certain employees covered by the Collective Bargaining Agreement during the months of January 2014 through and including the present.

9.      GMS Elevator Services, Inc. is bound to the Restated Agreements and Declarations of Trust establishing the NEI Trust Funds (hereafter "Trust Agreements") and the Guidelines for Employers and IUEC Local Unions Participating in the National Elevator Industry Health Benefit Plan, Pension Plan, Educational Program, Elevator Constructors Annuity and 401(k) Retirement Plan and Elevator Industry Work Preservation Fund (hereafter "Guidelines").   The Trust documents provide that all employers who become party to the Collective Bargaining Agreement and Declaration of Trust agree to be bound by the decisions of the Trustees on delinquencies. Paragraph 7 of the Collective Bargaining Agreement states:

> The Employer hereby adopts and agrees to be bound by the written terms of the National Elevator Industry Health Benefit Plan and Declaration of Trust, the National Elevator Industry Pension Plan and Declaration of Trust, the National Elevator Industry 401(k) Annuity Retirement Plan and Declaration of Trust, and the National Elevator Industry Educational Program and Declaration of Trust, and any amendments thereto, specifying the detailed basis on which payments are to be made into, and benefits paid out of, such Trust Funds.

10.     The NEI Funds Trust Documents provide the reporting requirements for signatory employers.   Article VI, Paragraph 4 of the Restated Agreement and Declaration of Trust of the National Elevator Industry Pension, Health Benefit and Educational Funds provides as follows:

> All contributions shall be made effective as of the 15th day of each month for the preceding month and, shall continue to be paid as long as the Employer is so obligated pursuant to the Standard Agreement or

other collective bargaining agreement or participation agreement or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust as herein provided.

11.    The Agreements and Declarations of Trust establishing the NEI Trust Funds provide that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement on time:

> The Trustees may take all actions necessary to collect any amounts due the Trust Fund.  If the Trustees filed suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed.  In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions.  The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the lawsuit is filed, and the date the Judgment is entered by the Court.

12.    GMS Elevator Services, Inc. has reported $108,559.92 in contributions for November and December 2017 but failed to pay $83,376.17 in contributions due to the NEI Trust Funds for the months of November and December 2017.

13.    The NEI Funds Trust Documents provide that any participating employer may be audited.  Article VI, Paragraph 8 of the Restated Agreement and Declaration of Trust of the National Elevator Industry Pension Fund provides as follows:

> Par. 8. <u>Audit</u>.  The Trustees may, by their designated, independent Certified Public Accountant, audit the payroll records (including payroll tax returns and all supporting records) of any Employer at the Employer's place of business.  The audit shall be conducted at any reasonable time during the business hours of the Employer.  In the event that the audit discloses that the Employer has underpaid his contributions due in an amount that is equal to or exceeds five (5%) percent of the contributions due during the audit period, then all costs associated with the audit shall be assessed against the Employer.  If there is less than a five (5%)

percent discrepancy, then the Fund shall pay the cost of the audit. Notwithstanding the foregoing, in any case where the Trustees have claimed in a lawsuit any amount due as disclosed by the audit, then the Employer shall be liable for all costs associated with the audit. This right to audit shall include the right to examine all such other books and records of the Employer as the Trustees' independent Certified Public Accountant shall deem necessary.

14.     The Trustees' auditor, Daniel A. Winters & Co., audited GMS Elevator Services, Inc. for the period of January 1, 2014 to July 31, 2016. The audit found that GMS Elevator Services owed $90,161.62. Additional interest has and will continue to accrue on this outstanding audit amount. GMS Elevator Services also owes the audit fees associated with the audit. This amount remains outstanding.

15.     The Elevators Constructors Annuity and 401(k) Retirement Plan provides as follows:

Each Employer shall contribute to the Trust Fund an amount equal to the total amount of contributions agreed to be made by it pursuant to compensation reduction agreements entered into between the Employer and the Participants employed by such Employer. Such contributions shall be paid in cash by the Employer to the Trustees as soon as administratively possible, but in no event later than the seventh (7th) day following the day on which the Compensation from which the Elective Contributions are reduced would otherwise have been payable to the Participant in cash.

16.     GMS Elevator failed to pay elective deferrals for its employees for October 2015, February 2017 and September 2017 in the amount of $585.10. GMS Elevator paid in an untimely manner the elective deferrals for its employees for the months of September 2012, March-May 2014, July 2014, and August 2015 to September 2017 accruing $34,215.60 in interest.

17.     The Agreements and Declarations of Trust establishing the NEI Funds provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on

time shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from five days after the date of delinquency to the date of payment and liquidated damages of 20%, as well as all necessary costs of collection incurred by the Funds, including, but not limited, to reasonable attorney's fees, audit fees and court costs. GMS Elevator Services is bound to the Agreements and Declarations of Trust.

18.    Pursuant to this provision, GMS Elevator Services, Inc. is obligated to the NEI Trust Funds in the amount of $33,660.02 in liquidated damages assessed on the delinquent audit contributions for the period of January 1, 2014 to July 31, 2016, the contributions for November and December 2017, interest pursuant to 29 U.S.C. Section 1132(g) from the date of delinquency through the date of payment, and attorney's fees, audit fees and costs.

WHEREFORE, in Count I, the NEI Trust Funds pray judgment as follows:

A.    For $90,161.62 for contributions and interest found due in an audit for the period of January 1, 2014 to July 31, 2016, plus audit fees and additional accrued interest; and

B.    For $83,376.17 in contributions for the months of November and December 2017; and

C.    For $585.10 in unremitted elective deferrals and $34,215.60 in interest for the late payment of deferrals; and

D.    For liquidated damages in the amount of $33,660.02; and

E.    For attorney's fees and costs expended in bringing this lawsuit; and

F.    For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

G.      For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, or which have yet to be determined due, through the date of judgment, plus costs, interest and reasonable attorney's fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines; and

H.      For such further relief as the Court may deem appropriate.

## COUNT II

19.     The NEI Trust Funds hereby adopt, incorporate and restate in Count II paragraphs 1 through 18 of Count I.

20.     This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145.  This is an action to collect delinquent contributions from an individual owner and/or officer, Pamela Simpkins, acting in the capacity of a fiduciary controlling the NEI Plan's plan assets.

21.     Upon information and belief, the Defendant, Pamela Simpkins, determined the total amount of the employer's (GMS Elevator Services, Inc., the company for which she is an owner and officer) monthly contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiff's Funds on behalf of her employees. Defendant chose to use the monies due the Plaintiffs' Funds for other purposes.  Thus, Defendant Pamela Simpkins exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

22.     Defendant Simpkins is party to a Settlement Agreement executed in 2015, which provides as follows: "Pamela Simpkins, an owner and officer of GMS Elevator Services, Inc.,

acknowledges her status as a fiduciary of GMS Elevator Services, Inc. within the meaning of the Employee Retirement Income Security Act ("ERISA), such that if the NEI Plans need to institute a lawsuit to collect the outstanding contributions, she will be personally liable for any balance due in this Agreement as well as any additional contributions that become due. Pamela Simpkins acknowledges that she exercises discretionary authority and/or discretionary control respecting management of any plan assets, the contributions due and owing to the NEI Benefit Plans that are part of this Settlement Agreement as well as any contributions that become due and owing subsequent to the execution of this Agreement."

23.    Upon information and belief, as owner and officer of GMS Elevator Services, Inc., Defendant Pamela Simpkins, voluntarily entered the Collective Bargaining Agreement with the International Union of Elevator Constructors.  As such, Defendant Pamela Simpkins obligated GMS Elevator Services, Inc. to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis.  Defendant Pamela Simpkins failed to have GMS Elevator Services, Inc. forward the correct contributions to the Plaintiffs for the period of the audit, January 1, 2014 to July 31, 2016, as well as the months of November and December 2017, and the elective deferrals for October 2015, February 2017 and September 2017.

24.    Upon information and belief, as owner and officer of GMS Elevator Services, Inc., Defendant, Pamela Simpkins, voluntarily entered the Collective Bargaining Agreement with the International Union of Elevator Constructors.  As such, Defendant Pamela Simpkins obligated

GMS Elevator Services, Inc. to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis. The Plaintiffs audited GMS Elevator Services, Inc. for the period of January 1, 2014 to July 31, 2016. The audit found that GMS Elevator Services, Inc. owed $90,161.62. Additional interest has and will continue to accrue on these outstanding audit amounts. Defendant Pamela Simpkins failed to have GMS Elevator Services, Inc. forward all the contributions and interest found due in the audit for the period of January 1, 2014 to July 31, 2016.

25.     GMS Elevator Services, Inc. signed the Collective Bargaining Agreement with the International Union of Elevator Constructors on July 29, 2014. (See attached). Paragraph 7 of this Collective Bargaining Agreement provides the following: "Title to all the monies paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund, as specified above, shall vest in and remain exclusively in the Trustees of said Funds, respectively."

26.     Upon information and belief, as an owner and officer of GMS Elevator, Pamela Simpkins deducted elective deferrals from her employees' wages and either did not remit those elective deferrals to the Elevator Constructors Annuity and 401(k) Retirement Plan, or remitted the elective deferrals in an untimely manner. Upon information and belief, Defendant Pamela Simpkins failed to remit $585.10 in elective deferrals for October 2015, February 2017 and September 2017. As a result of her failure to timely remit elective deferrals, $34,215.60 in interest

has accrued.

27.     Upon information and belief, Defendant Pamela Simpkins deducted the amounts owed in contributions from the employee paychecks and forwarded monthly remittance forms calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those correct amounts to the Plaintiffs' Funds.  Upon information and belief, those amounts were deposited into GMS Elevator Services, Inc.'s general accounts and used for purposes other than payment of the employees' benefit contributions.

28.     Upon information and belief, Defendant Pamela Simpkins knew that GMS Elevator Services, Inc. entered into the Collective Bargaining Agreement and that contributions were deducted from the employees' paychecks and that an employer portion of contributions had to be made to the Plaintiffs.  Defendant Pamela Simpkins knew that GMS Elevator Services, Inc. periodically turned these amounts over to the Plaintiffs' Funds.

29.     The contributions due the Plaintiffs' Funds were plan assets governed by ERISA. 29 C.F.R. §2510.3-102(a).

30.     Upon information and belief, Defendant, Pamela Simpkins, is a fiduciary to the Plaintiffs' Funds based on the fact that she commingled plan assets with GMS Elevator Services, Inc.'s general assets and used those funds to pay other creditors, as well as by her admission that she is a fiduciary pursuant to the 2015 Settlement Agreement.  Defendant exercised authority or control respecting disposition of plan assets.  Thus, Defendant Pamela Simpkins is a fiduciary under ERISA §3(21)(A) by the fact that she "exercised authority or control respecting disposition of plan assets."  29 U.S.C.A. §1002(21)(A).

31.     Defendant failed to remit contributions to the Plaintiffs on behalf of her employees.

WHEREFORE, in Count II, the NEI Trust Funds pray judgment as follows:

Defendant, Pamela Simpkins, is jointly and severally liable for the following:

A.      For $90,161.62 for contributions and interest found due in an audit for the period of January 1, 2014 to July 31, 2016, plus audit fees and additional accrued interest; and

B.      For $83,376.17 in contributions for the months of November and December 2017; and

C.      For $585.10 in unremitted elective deferrals and $34,215.60 in interest for the late payment of deferrals; and

D.      For liquidated damages in the amount of $33,660.02; and

E.      For attorney's fees and costs expended in bringing this lawsuit; and

F.      For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

G.      For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, or which have yet to be determined due, through the date of judgment, plus costs, interest and reasonable attorney's fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines; and

H.      For such further relief as the Court may deem appropriate.

## **COUNT III**

32.     The NEI Trust Funds hereby adopt, incorporate and restate in Count III paragraphs 1 through 31 of Counts I and II.

33.     This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145.  This is an action to collect delinquent contributions from an individual owner and/or officer, Gordon Simpkins, acting in the capacity of a fiduciary controlling the NEI Plan's plan assets.

34.     Upon information and belief, the Defendant, Gordon Simpkins, determined the total amount of the employer's (GMS Elevator Services, Inc., the company for which he is an owner and officer) monthly contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiff's Funds on behalf of his employees. Defendant chose to use the monies due the Plaintiffs' Funds for other purposes.  Thus, Defendant Gordon Simpkins exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

35.     Defendant Simpkins is party to a Settlement Agreement executed in 2015, which provides as follows: "Gordon Simpkins, an owner and officer of GMS Elevator Services, Inc., acknowledges his status as a fiduciary of GMS Elevator Services, Inc. within the meaning of the Employee Retirement Income Security Act ("ERISA), such that if the NEI Plans need to institute a lawsuit to collect the outstanding contributions, he will be personally liable for any balance due in this Agreement as well as any additional contributions that become due. Gordon Simpkins acknowledges that he exercises discretionary authority and/or discretionary control respecting management of any plan assets, the contributions due and owing to the NEI Benefit Plans that are part of this Settlement Agreement as well as any contributions that become due and owing subsequent to the execution of this Agreement."

36.     Upon information and belief, as owner and officer of GMS Elevator Services, Inc., Defendant Gordon Simpkins, voluntarily entered the Collective Bargaining Agreement with the International Union of Elevator Constructors.   As such, Defendant Gordon Simpkins obligated GMS Elevator Services, Inc. to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis.  Defendant Gordon Simpkins failed to have GMS Elevator Services, Inc. forward the correct contributions to the Plaintiffs for the period of the audit, January 1, 2014 to July 31, 2016, as well as the months of November and December 2017, and the elective deferrals for October 2015, February 2017 and September 2017.

37.     Upon information and belief, as owner and officer of GMS Elevator Services, Inc., Defendant, Gordon Simpkins, voluntarily entered the Collective Bargaining Agreement with the International Union of Elevator Constructors.   As such, Defendant Gordon Simpkins obligated GMS Elevator Services, Inc. to make deductions from employee paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis.  The Plaintiffs audited GMS Elevator Services, Inc. for the period of January 1, 2014 to July 31, 2016.  The audit found that GMS Elevator Services, Inc. owed $90,161.62.  Additional interest has and will continue to accrue on these outstanding audit amounts.  Defendant Gordon Simpkins failed to have GMS Elevator Services, Inc. forward all the contributions and interest found due in the audit for the period of January 1, 2014 to July 31, 2016.

14

38.     GMS Elevator Services, Inc. signed the Collective Bargaining Agreement with the International Union of Elevator Constructors on July 29, 2014.  (See attached).  Paragraph 7 of this Collective Bargaining Agreement provides the following: "Title to all the monies paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund, as specified above, shall vest in and remain exclusively in the Trustees of said Funds, respectively."

39.     Upon information and belief, as an owner and officer of GMS Elevator, Gordon Simpkins deducted elective deferrals from his employees' wages and either did not remit those elective deferrals to the Elevator Constructors Annuity and 401(k) Retirement Plan, or remitted the elective deferrals in an untimely manner.   Upon information and belief, Defendant Gordon Simpkins failed to remit $585.10 in elective deferrals for October 2015, February 2017 and September 2017.  As a result of his failure to timely remit elective deferrals, $34,215.60 in interest has accrued.

40.     Upon information and belief, Defendant Gordon Simpkins deducted the amounts owed in contributions from the employee paychecks and forwarded monthly remittance forms calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those correct amounts to the Plaintiffs' Funds.  Upon information and belief, those amounts were deposited into GMS Elevator Services, Inc.'s general accounts and used for purposes other than payment of the employees' benefit contributions.

41.     Upon information and belief, Defendant Gordon Simpkins knew that GMS Elevator

15

Services, Inc. entered into the Collective Bargaining Agreement and that contributions were deducted from the employees' paychecks and that an employer portion of contributions had to be made to the Plaintiffs. Defendant Gordon Simpkins knew that GMS Elevator Services, Inc. periodically turned these amounts over to the Plaintiffs' Funds.

42. The contributions due the Plaintiffs' Funds were plan assets governed by ERISA. 29 C.F.R. §2510.3-102(a).

43. Upon information and belief, Defendant, Gordon Simpkins, is a fiduciary to the Plaintiffs' Funds based on the fact that he commingled plan assets with GMS Elevator Services, Inc.'s general assets and used those funds to pay other creditors, as well as by her admission that he is a fiduciary pursuant to the 2015 Settlement Agreement. Defendant exercised authority or control respecting disposition of plan assets. Thus, Defendant Gordon Simpkins is a fiduciary under ERISA §3(21)(A) by the fact that he "exercised authority or control respecting disposition of plan assets." 29 U.S.C.A. §1002(21)(A).

44. Defendant failed to remit contributions to the Plaintiffs on behalf of his employees.

WHEREFORE, in Count III, the NEI Trust Funds pray judgment as follows:

Defendant, Gordon Simpkins, is jointly and severally liable for the following:

A. For $90,161.62 for contributions and interest found due in an audit for the period of January 1, 2014 to July 31, 2016, plus audit fees and additional accrued interest; and

B. For $83,376.17 in contributions for the months of November and December 2017; and

C. For $585.10 in unremitted elective deferrals and $34,215.60 in interest for the late

payment of deferrals; and

D.  For liquidated damages in the amount of $33,660.02; and

E.  For attorney's fees and costs expended in bringing this lawsuit; and

F.  For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

G.  For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, or which have yet to be determined due, through the date of judgment, plus costs, interest and reasonable attorney's fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines; and

H.  For such further relief as the Court may deem appropriate.

45.  The NEI Trust Funds hereby adopt, incorporate and restate in Count IV paragraphs 1 through 44 of Counts I, II and III.

46.  This Court has jurisdiction of this action under sections 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1132 and 1145.  This is an action to enjoin violations of the terms of an employee benefit plan.

47.  GMS Elevator Services, Inc., pursuant to the Trust Agreements, agreed to make timely contributions to the NEI Trust Funds in the amounts and on the dates required by its Collective Bargaining Agreement with the International Union of Elevator Constructors in order to maintain the benefits provided through the Funds.

48.  GMS Elevator Services, Inc. has repeatedly failed to submit timely and correct

reports or contributions and elective deferrals to the Fund in violation of the requirements of the aforementioned Agreements and Declarations of Trust.

WHEREFORE, in Count IV, the NEI Trust Funds pray judgment as follows:

A.    For a Court Order enjoining violations of the terms of the Plaintiff employee benefit plans requiring GMS Elevator Services, Inc. to submit timely contributions and report and elective deferrals to the NEI Trust Funds.

B.    For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: February 5, 2018                     **O'DONOGHUE & O'DONOGHUE LLP**
                                            Constitution Place, Suite 515
                                            325 Chestnut Street
                                            Philadelphia, PA  19106
                                            Telephone (215) 629-4970
                                            Facsimile (215) 629-4996
                                            By:     s/ Robert P. Curley
                                                    Robert P. Curley
                                                    Attorney I.D. No. 55760
                                            By:     s/ David D. Capuano
                                                    David D. Capuano
                                                    Attorney I.D. No. 70238
                                                    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 5th day of February 2018 on the following:

> Secretary of the Treasury
> 15th. and Pennsylvania Ave., N.W.
> Washington, DC  20220
> ATTN: Employee Plans
>       Internal Revenue Service
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTN: Assistant Solicitor
>       for Plan Benefits Security

> s/ David D. Capuano
> David D. Capuano

19